# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| YOSHI D. MATTHEWS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:20-mc-00002-TLP-jay |
| UNITED STATES, | ) ) ) |
| Respondent. | ) ) |

## ORDER DENYING PETITION TO QUASH SUMMONS

Petitioner Yoshi D. Matthews, d/b/a/ "MMC Firm LLC Trust," is being audited by the Internal Revenue Service ("IRS") for tax periods 2016, 2017, and 2018. (ECF No. 1 at PageID 2.) On January 8, 2020, Aria Robinson, an IRS revenue agent, served a summons on an agent of Wells Fargo Bank in Memphis, Tennessee directing a representative to appear before the agency on January 31, 2020 and to produce documents connected with Petitioner. (*Id.* at PageID 2.) Under the requirements of 26 U.S.C. § 7609(a), notice of the summons was sent to petitioner by mail.

Petitioner now asks this Court to quash the summons for two reasons: (1) the IRS failed to issue the summons 23 days or more before the compliance date, and (2) information sought from Wells Fargo for all tax periods are protected, falling within the work product privilege. (*Id.* at PageID 1.) For the reasons that follow, the Court **DENIES** Petitioner's motion to quash the summons.

## ANALYSIS

**1.     The Notice is Timely**

Petitioner first claims that the summons should be quashed because the IRS issued the summons fewer than 23 days before the compliance date. (*Id.*) Under 26 U.S.C. § 7609(d)(1), no examination of any records required under a summons may be made "before the close of the 23rd day after the day notice with respect to the summons is given . . . ." The date a notice is "given" is the date the notice was either hand-delivered or placed in the mail by the IRS, not the date of receipt. *Berman v. United States*, 264 F.3d 16 (1st Cir. 2001).

Because the summons set January 31, 2020, as the compliance date, Matthews was statutorily entitled to notification at least 23 days prior to that. In other words, Matthews should have been notified on or before January 8, 2020. *Accord*, *Cook v. U.S.*, 104 F.3d 886, 888 (6th Cir. 1997) (noting that the parties stipulated "because the summons set April 21, 1995 as the compliance date, the Cooks were statutorily entitled to notification at least 23 days prior to April 21, 1995; in other words, on or before March 29, 1995").

The summons here indicates that it was "[i]ssued under the authority of the Internal Revenue Code this 8th day of January, 2020." (ECF No. 1 at PageID 2.) Petitioner does not allege that the notice was either hand delivered on a later day or placed in the mail after January 8, 2020. Assuming the notice was placed in the mail on the day of issuance, the compliance date—January 31, 2020—falls on the 24th day following the date the IRS gave notice to Petitioner. The notice date, therefore, does not run afoul of 26 U.S.C. § 7609(d)(1).

So, Petitioner's argument that the notice of summons was untimely is unpersuasive.

## 2. The Information Sought is Not Protected by the Work-Product Privilege

The IRS summons commanded that a representative of Wells Fargo Bank, Memphis, TN give testimony, bring, produce "for examination . . . books, records, papers, and other data relating to the tax liability or the collection of the tax liability" of Petitioner. (ECF No. 1 at PageID 2.) The IRS requested records for all open and closed accounts, including but not limited to: private banking accounts, savings account records, checking account records, loan records, safe deposit box records, certificates of deposit and money market certificates, U.S. Treasury notes and bills, credit card records, purchases of bank checks, and other records. (ECF No. 1 at PageID 3–4.) Petitioner claims that these requested records fall under the work product privilege and are not discoverable under the IRS's summons. (*Id.* at PageID 1.)

Under 26 U.S.C. § 7602, the IRS is granted the authority to summon records for the purpose of determining an individual's tax liability. Under § 7609, the IRS may serve a summons upon a third-party record keeper, such as banks and other financial institutions, consumer reporting agencies, persons extending credit, brokers, attorneys, and accountants, for disclosure of the third-party's records maintained on the individual who is the subject of an IRS investigation. 26 U.S.C. § 7609(a)(3).

But state-created privileges—such as the attorney work product privilege—do not limit the IRS's summonsing authority. *See Scotty's Contracting & Stone, Inc. v. United States*, 326 F.3d 785 (6th Cir. 2003) (citing to *U.S. v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984) ("We are unable to discern the sort of 'unambiguous directions from Congress' that would justify a judicially created work-product immunity for tax accrual workpapers summoned under § 7602. Indeed, the very language of § 7602 reflects precisely the opposite: a congressional policy *in favor of disclosure* of all information relevant to a legitimate IRS inquiry. In light of this explicit

statement by the Legislative Branch, courts should be chary in recognizing exceptions to the broad summons authority of the IRS or in fashioning new privileges that would curtail disclosure . . . .") (emphasis in original). *Cf. United States v. Roxworthy*, 457 F.3d 590 (6th Cir. 2006) (holding that internal memoranda concerning a corporation's tax treatment of certain transactions are protected by the work product doctrine).

So, Petitioner's argument that the summons should be quashed because it requests privileged work product is also unpersuasive.

## **CONCLUSION**

For the above reasons, the Court **DENIES** Petitioner's motion to quash the January 8, 2020 summons to Wells Fargo Bank in Memphis, Tennessee.

**SO ORDERED**, this 29th day of January, 2020.

                                             s/ Thomas L. Parker
                                             THOMAS L. PARKER
                                             UNITED STATES DISTRICT JUDGE