# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| YOSHI D. MATTHEWS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 2:20-mc-00002-TLP-jay |
| UNITED STATES, | ) ) | |
| Respondent. | ) ) | |

## ORDER DISMISSING PETITION TO QUASH SUMMONS

Petitioner filed this petition to quash an IRS summons, alleging that it was untimely and that the documents were subject to the work product privilege. (ECF No. 1.) The petition to quash also purported to file a complaint against IRS revenue agent Aria Robinson for malicious prosecution. (*Id.*)

The Court originally dismissed the petition, reasoning that it was untimely and that the documents were not covered under the work product privilege. (ECF No. 5.) Petitioner then filed a motion to reconsider and attached a copy of an envelope showing that the mail was postmarked January 9, making the notice untimely. (ECF No. 6.) The Court granted the motion to reconsider and set a motion hearing for February 18, 2020. The Government then entered a notice of appearance and filed a motion to dismiss. (ECF No. 9.)

The Court held a hearing to reconsider the petition to quash the summons and the Government's motion to dismiss the petition on Tuesday, February 18, 2020, at 11:30 a.m. (ECF No. 10.) In attendance for the Government were Assistant United States Attorney Stuart Canale, appearing in person, and Department of Justice attorney, Emily Miller, appearing telephonically.

Petitioner did not appear for the motion hearing, nor did he request a continuance or respond to the Government's motion to dismiss. Accordingly, the Government orally moved to dismiss the petition for the reasons stated in its motion to dismiss. (*Id.*)

Defendant argues that the petition should be dismissed under Federal Rule of Civil Procedure 12(b)(5) for failure to properly serve the United States. (ECF No. 9 at PageID 18–19.) A party attempting to serve the United States must serve (1) the appropriate United States attorney or United States attorney's office, and (2) the Attorney General of the United States at Washington, D.C. *See* Fed. R. Civ. Pro. 4(i)(1). Here, Petitioner did not do that.

Instead he served a copy of the petition to quash summons via mail to "INTERNAL REVENUE SERVICE ATTN: ARIA ROBINSON 22 NORTH FRONT STREET, SUITE 400, MEMPHIS, TN 38103." (ECF No. 1 at PageID 1.) Petitioner failed to serve the United States Attorney for the Western District of Tennessee and the Attorney General of the United States. There is no doubt here that Petitioner failed to serve the petition to quash on the proper parties. And so Petitioner's service of process is therefore insufficient.

Insufficient service may be excused, however, if Petitioner can show good cause for his failure. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006). To carry this burden, Petitioner must offer an explanation equivalent to "at least as much as would be required to show excusable neglect," though "simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985)).

Petitioner has not responded to the motion to dismiss alleging good cause for his failure to properly serve the Government. And Petitioner failed to appear at the motion hearing to address his insufficient service of process. Petitioner has, therefore, failed to establish any cause,

good or otherwise, for his failure. The Court itself cannot excuse such service failures without such a showing. *See Nafziger*, 467 F.3d 514; *Moncrief*, 961 F.3d 595.

Accordingly, for all of the reasons stated in open court and memorialized in this order, the Court **DISMISSES** the petition to quash the summons for insufficient service of process. Although the merits of the Government's motion to dismiss the petition are persuasive,[1] the insufficient service of process here strips the Court of jurisdiction to adjudicate the merits of the petition to quash the summons. *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties.").

**SO ORDERED**, this 18th day of February, 2020.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[1] The Government's motion to dismiss also argued that (1) Petitioner failed to state a claim upon which relief could be granted against revenue agent Aria Robinson for malicious prosecution, (2) Ms. Robinson acted in good faith in investigating Petitioner, (3) Ms. Robinson timely placed the notice of summons in the Internal Revenue Service mailroom on January 8, 2020; and (4) even though the notice of summons was not postmarked until January 9, 2020, Petitioner was not prejudiced by the short delay in receiving notice. (ECF No. 9.)